

DA 10-0517

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 100N

CITY OF GREAT FALLS,

        Plaintiff and Appellee,

  v.

JASON NATHAN RAND,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 09-427
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant
Attorney General, Helena, Montana

        Neil Anthon, Assistant City Attorney, Great Falls, Montana

Submitted on Briefs:  April 20, 2011

Decided:  May 10, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jason Nathan Rand (Rand) appeals his conviction of driving under the influence of alcohol. We affirm.

¶3 A security guard patrolling the campus of the University of Great Falls in the early morning of February 8, 2009, discovered Rand passed out and slumped over the steering wheel of his car. Rand's car was sitting in the parking lot of Emilie Hall. The Great Falls police investigated and the City of Great Falls (City) charged Rand in municipal court with driving while under the influence of alcohol.

¶4 Rand moved for a directed verdict at the close of the City's case. He argued that the City had failed to prove that the Emilie Hall parking lot constituted a way of the state open to the public. The court denied the motion and the jury convicted Rand. Rand appealed the municipal court's ruling on his motion for a directed verdict and the District Court affirmed. Rand now appeals to this Court.

¶5 Rand argues on appeal that the District Court wrongly denied his motion for a directed verdict. He contends that the State failed to prove that he had been traveling on a way of the state open to the public at the time the security guard discovered him in the parking lot. We generally treat motions for a directed verdict as motions to dismiss for

insufficient evidence. *State v. McWilliams*, 2008 MT 59, ¶ 36, 341 Mont. 517, 178 P.3d 121. We review de novo a court's denial of a motion to dismiss for insufficient evidence. *State v. Cybulski*, 2009 MT 70, ¶ 42, 349 Mont. 429, 204 P.3d 7. We apply the same standard when reviewing a court's ruling on a motion to dismiss for insufficient evidence as when we review a jury verdict. *State v. White Clay*, 1998 MT 244, ¶ 29, 291 Mont. 147, 967 P.2d 370.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. Settled Montana law controls the legal issue presented. A way "of this state open to the public" includes any "highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public." Section 61-8-101(1), MCA. Ample evidence supports the conclusion that Rand drove on a way of the state open to the public in order to reach the Emilie Hall parking lot. *State v. Sirles*, 2010 MT 88, ¶ 21, 356 Mont. 133, 231 P.3d 1089. The fact that Rand drove on a way of the state open to the public while under the influence of alcohol satisfies the elements of § 61-8-401, MCA.

¶7     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH

3

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT